92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Khalif A. ALI, aka Donald Perkins, Plaintiff-Appellant,
v.
James GOMEZ, Director, Defendant,
and
Robert Harway, Chief Medical Officer; L. Blair; K. Sather;
Osgood, Dr., N. Brown; Mr. Battalini,
Defendants-Appellees.
 No. 95-15567.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge; SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Khalif Abdul-Malik Ali, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant prison officials and medical staff in Ali's 42 U.S.C. § 1983 action alleging, inter alia, deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment de novo, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 To the extent Ali contends the district court erred by concluding that defendants were not deliberately indifferent to his medical needs in violation of the Eighth Amendment, we affirm for the reasons stated in the district court's opinion filed July 21, 1994.
 
 
 4
 Ali contends that the district court erred by failing to consider his claim that the defendants' refusal to allow him to procure partial dentures and dandruff shampoo on his own violated his Constitutional rights under the Fourth, Ninth, Tenth and Fourteenth Amendments. This contention lacks merit.
 
 
 5
 The district court properly analyzed Ali's claim pursuant to the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); McGuckin, 974 F.2d at 1059. Ali's assertion that he has a constitutional right to procure hygienic and medical supplies on his own is without merit. See Roberts v. Spaulding, 783 F.2d 867, 869-70 (9th Cir.), cert. denied, 479 U.S. 930 (1986).
 
 
 6
 We conclude that the district court did not abuse its discretion in denying Ali's motion for reconsideration. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 7
 Finally, Ali's contention that the district court erred by denying his motion for leave to amend his complaint lacks merit because the district court granted leave to amend the complaint on August 24, 1993.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not err by failing to address Ali's "motion for certificate of probable cause" because Ali's complaint could not be construed as raising a habeas corpus claim
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)